## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>FEDERAL TRADE COMMISSION; LINA M.<br>KHAN, in her official capacity as Chair of the<br>Federal Trade Commission; and REBECCA<br>KELLY SLAUGHTER, ALVARO BEDOYA,<br>ANDREW N. FERGUSON, and MELISSA<br>HOLYOAK, in their official capacities as<br>Commissioners of the FTC,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-01743-KBH |

## MOTION FOR STAY OF EFFECTIVE DATE AND
## PRELIMINARY INJUNCTION

Plaintiff ATS Tree Services, LLC ("ATS") respectfully moves for a stay of the effective date, pursuant to 5 U.S.C. § 705, and a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, of Defendant Federal Trade Commission's ("FTC") ban on non-compete agreements, Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) (the "Final Rule"). The Final Rule is scheduled to go into effect on September 4, 2024. ATS brought four claims challenging the statutory and constitutional validity of the Final Rule. If ATS is successful on any one of three of its four claims, the Final Rule will have to be set aside in its entirety. A stay of the effective date and a preliminary injunction will ensure that ATS does not suffer irreparable injury from the loss of the benefits of its non-compete agreements with its employees, the loss of its employees themselves to direct competitors, and the effort and expense of bringing itself into compliance with the Final Rule by the time it goes into effect in four months. ATS's brief in support

of this motion, supporting declaration, and proposed order are filed contemporaneously with this motion.

This motion should be granted because ATS has satisfied the four factors for granting a preliminary injunction. As set forth in the attached brief, ATS is likely to succeed on at least the following three claims:[1] (1) the FTC does not have the statutory authority to promulgate substantive rules regarding unfair methods of competition, such as the Final Rule; (2) the FTC does not have the statutory authority to ban all non-compete agreements as unfair, nor does the FTC's authorizing statute contain a clear statement that it can displace state law in an area in which states traditionally regulate or ban an employment practice of such economic and political significance; and (3) the statutory authority on which the FTC relies for the Final Rule was unconstitutionally delegated by Congress. Compliance with the unlawful Final Rule will cause ATS irreparable injury. And neither third parties nor the public interest will be substantially harmed by a stay because it is never in the public interest for the government to act unlawfully.

ATS requests leave to present oral argument in support of its motion. Given the nature of ATS's claims as a legal and constitutional challenge to a significant federal regulation, ATS believes the Court's evaluation of the parties' arguments will be aided by oral argument.

DATED: May 14, 2024.

Respectfully submitted,

s/ *Sean Radomski*
SEAN RADOMSKI
Pennsylvania Bar No. 319732
JOSHUA M. ROBBINS*
Virginia Bar No. 91020
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd.
Suite 1000

---

[1] ATS is only moving for a preliminary injunction based on Counts I, II, & IV of the Complaint. ATS maintains that it will ultimately succeed on its fourth claim in Count III, but is not seeking preliminary relief based on Count III at this time.

Arlington, Virginia 22201
Telephone: (202) 888-6881
SRadomski@pacificlegal.org
JRobbins@pacificlegal.org

LUKE WAKE*
California Bar. No. 264647
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, California
Telephone: (916) 419-7111
LWake@pacificlegal.org

*Attorneys for Plaintiff*

*\*admitted Pro Hac Vice*

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which sent notifications of such filing to all registered CM/ECF users. I also certify that courtesy copies of foregoing will be served via certified mail to the following:

Merrick Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Melissa Holyoak
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Alvaro Bedoya
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Rebecca Kelly Slaughter
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Lina M. Khan
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Andrew N Ferguson
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

4

Jacqueline C. Romero
U.S. Attorney Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

DATED: May 14, 2024.

/s/ *Sean Radomski*
SEAN RADOMSKI