IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br><br>                Plaintiff,<br>   v.<br><br>FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA; ANDREW N. FERGUSON, and MELISSA HOLYOAK, in their official capacities as Commissioners of the FTC,<br><br>                Defendants. | Case No. 2:24-cv-01743-KBH |

**[PROPOSED] ORDER GRANTING MOTION FOR STAY
OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION**

Before the Court is Plaintiff's Motion for Stay of Effective Date and Preliminary Injunction ("the Motion"). After consideration of the briefing, argument, other supporting materials filed with the Court, and applicable law, Plaintiff's Motion is **GRANTED**.

Plaintiff's motion seeks a stay of the effective date and a preliminary injunction of Defendant Federal Trade Commission's ("FTC") ban on non-compete agreements, Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) (the "Final Rule"). To receive a preliminary injunction, Plaintiff must demonstrate that "(1) [it] will likely succeed on the merits, (2) [it] will likely suffer irreparable injury without an injunction, (3) the balance of equities favors [it], and (4) an injunction serves the public interest." *Schrader v. Dist. Attorney of York Cnty.*, 74 F.4th 120, 126 (3d Cir. 2023). These same factors apply to whether the effective date of the Final Rule should be stayed pursuant to 5 U.S.C. § 705. *Colorado v. EPA*, 989 F.3d 874, 883 (10th Cir. 2021).

1

Plaintiff is likely to succeed on the merits of all three of the claims it included in the Motion. The FTC lacks the authority to promulgate substantive rules for unfair methods of competition. Section 45 of the Federal Trade Commission Act (the "FTC Act") only authorizes the FTC to proceed against unfair methods of competition through adjudications. 15 U.S.C. § 45(b). Its authorization to make "rules and regulations" in Section 46(g) only extends to procedural rules. 15 U.S.C. § 46(g). Indeed, the Supreme Court confirmed in the early decades of the FTC that it was only authorized to prevent unfair methods of competition through adjudications, not rulemaking. *See A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 532–34 (1935). Congress's grant of substantive rulemaking authority in 1975 for only unfair or deceptive acts or practices confirms that the FTC lacks substantive rulemaking power for unfair methods of competition. 15 U.S.C. § 57a.

Even if the FTC had substantive rulemaking authority for "[u]nfair methods of competition," its mandate to prevent "[u]nfair methods of competition" does not permit it to ban all non-compete agreements as per se unfair. 15 U.S.C. § 45(a). The FTC must define unfairness through "appropriate standards" to avoid exercising its power arbitrarily. *E.I. du Pont de Nemours & Co. v. FTC*, 729 F.2d 128, 137 (2d Cir. 1984). The FTC failed to do that with the Final Rule because it did not weigh the merits and justifications of non-compete agreements in the particular circumstances in which they are applied in the style of the rule of reason, *see Luria Bros. & Co. v. FTC*, 389 F.2d 847, 860 (3d Cir. 1968), and it eliminated the laws of 46 states that have already endeavored to establish parameters for the fairness of non-compete agreements, *see e.g. Pittsburgh Logistics Sys., Inc. v. Beemac Trucking, LLC*, 249 A.3d 918, 932 (Pa. 2021).

Additionally, the FTC Act provides no clear statement that the FTC is permitted to displace a traditional area of state regulation or resolve for itself the major question of the elimination of

non-compete agreements. *See Gregory v. Ashcroft*, 501 U.S. 452, 460–61 (1991) (federalism canon); *West Virginia v. EPA*, 597 U.S. 697, 735 (2022) (major questions doctrine). The Final Rule displaces the statutory and common law of 46 states that currently permit reasonable non-compete agreements, triggering the application of the requirement of a clear statement from Congress to authorize such a regulation. *See U.S. Forest Serv. v. Cowpasture River Pres. Ass'n*, 590 U.S. 604, 621–22 (2020). The FTC also states that the Final Rule will impact the employment arrangements of one in five American workers and have hundreds of billions of dollars of financial impact. 88 Fed. Reg. at 38,343, 38,470–71. This level of economic and political significance from a regulation also requires a clear statement of authority from Congress under the major questions doctrine, which is missing here. *See West Virginia*, 597 U.S. at 721, 735. Moreover, the statutory authorization to prevent unfair methods of competition does not provide the FTC with an intelligible principle by which to legislate and is therefore an unconstitutional delegation of legislative power. *See Schechter Poultry*, 295 U.S. at 532–34.

Plaintiff has also established that it will suffer irreparable harm without a stay and preliminary injunction because of the non-recoverable compliance costs Plaintiff will incur prior to the effective date of the Final Rule. *See Rest. L. Ctr. v. U.S. Dep't of Labor*, 66 F.4th 593, 597 (5th Cir. 2023). Plaintiff has established that it will also be irreparably injured if the rule goes into effect, and it loses employees to direct competitors for whom it has already made significant training investments. *See Louisiana v. Biden*, 55 F.4th 1017, 1034 (5th Cir. 2022).

The final two factors—balance of the equities and the public interest—merge when the government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). Because Plaintiff has established a likelihood of success on the merits, he has also satisfied these two factors because "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of*

*Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). The FTC will not be harmed from a short delay in the effective date of the rule while ATS's claims are resolved.

It is therefore **ORDERED** that:

1. The effective date of the Final Rule is **STAYED** until a final decision has been reached on Plaintiff's claims, including through any appeals, and the Court has determined a final decision has been reached and lifted the stay of the effective date; and

2. The FTC is **ENJOINED** from taking any action to implement or enforce the Final Rule until a final decision has been reached on Plaintiff's claims, including through any appeals, and the Court has determined a final decision has been reached and lifted the injunction.

**SO ORDERED**

_____, 2024

_____
United States District Judge