UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION, et al.<br><br>Defendants. | No. 2:24-cv-01743-KBH |

**UNOPPOSED MOTION OF PUBLIC CITIZEN AND
NATIONAL EMPLOYMENT LAW PROJECT
FOR LEAVE TO FILE A BRIEF AS AMICI CURIAE
IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY EFFECTIVE DATE
AND FOR PRELIMINARY INJUNCTION**

Public Citizen and National Employment Law Project (NELP) respectfully move for leave to file the accompanying brief as amici curiae in support of the response by defendant Federal Trade Commission (FTC) opposing plaintiff ATS Tree Services' motion to stay effective date and for preliminary injunction. All parties have consented to the filing of the amicus brief.

**A.** The Non-Compete Clause Rule determines that noncompete clauses in employment contracts are unfair methods of competition and restricts most uses of noncompetes after the Rule's effective date, September 4, 2024. Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024). Challenging the Rule on several grounds, plaintiff has moved to stay the Rule's effective date and preliminarily enjoin the enforcement of the Rule. *See* ECF No. 10.

Movants Public Citizen and NELP have relevant expertise and a strong interest in the Rule. Movant Public Citizen is a nonprofit consumer advocacy organization with members in all 50 states. Among other things, Public Citizen works for enactment and enforcement of laws to protect workers, consumers, and the public, including federal agency efforts to administer and enforce

1

worker protections. Public Citizen frequently appears as amicus curiae to address issues of statutory interpretation and administrative law. In response to the FTC's notice of proposed rulemaking and request for comment, Public Citizen submitted a comment in support of the proposed rule.

Movant NELP is a nonprofit organization with over 50 years of experience advocating for the employment and labor rights of low-wage and unemployed workers. In collaboration with community partners, including grassroots groups, national organizations, worker centers and unions, and local, state, and federal agencies, NELP seeks to ensure that all employees—especially the most vulnerable—can take advantage of the basic workplace protections guaranteed in our nation's labor and employment laws. In response to the FTC's notice of proposed rulemaking and request for comment, NELP submitted a comment in support of the proposed rule.

**B.** The court has broad discretion to grant this motion. *Schmidt v. Bd. of Tr. of the Iron Workers Dist. Council Phila. & Vicinity*, 1995 WL 496031, at *1 (E.D. Pa. Aug. 15, 1995). "A court may grant such leave if 'it deems the proffered information timely and useful.'" *Id.*

Here, the proposed amicus brief is being timely filed, just one day after the filing of the FTC's brief. And movants respectfully submit that the proposed amicus brief will be useful to this Court in resolving the pending motion for stay and preliminary injunction. The proposed brief explains that plaintiff's motion should be denied because the merits of its challenge to the Rule are mistaken and not likely to succeed. First, the Rule has a strong basis in the record. The proposed brief explains that the Rule's prohibition of noncompete provisions will significantly benefit workers. The brief discusses the numerous studies in the rulemaking record showing that noncompetes lower wages and reduce job mobility. The proposed brief also explains that, as the record shows, these provisions are often imposed by employers on workers without meaningful

consent. For low-wage workers, who often lack bargaining power and access to legal resources, the consequences of a noncompete provision can impose particular hardship.

Second, the proposed brief explains that, contrary to plaintiff's contention, the FTC had statutory authority to promulgate the Rule. Like other courts to have considered similar contentions, this Court should reject this challenge to the FTC's rulemaking authority.

The proposed amicus brief is attached to this motion.

## CONCLUSION

The motion for leave to file an amicus curiae brief should be granted.

June 5, 2024                                    Respectfully submitted,

/s/ *Michael D. Donovan*
Michael D. Donovan
Donovan Litigation Group, LLC
1885 Swedesford Road
Malvern, PA 19355
(610) 647-6067

Wendy Liu (*pro hac vice* motion pending)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Movants Public Citizen
and National Employment Law Project*

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 5, 2024, I electronically filed this document using the ECF System, which will send notification to the ECF counsel of record.

                                              /s/ *Michael D. Donovan*
                                              Michael D. Donovan