IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON, and MELISSA HOLYOAK, in their official capacities as Commissioners of the FTC,<br><br>Defendants. | Case No. 2:24-cv-01743-KBH |

**UNOPPOSED MOTION OF COMMUNITY LEGAL SERVICES, INC. FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Community Legal Services, Inc. ("CLS"), through undersigned counsel, respectfully request leave of this Court to submit the attached brief as *amicus curiae* in opposition to Plaintiff's Motion for a Preliminary Injunction. CLS has obtained the consent of all parties to file this brief. In support of this Motion, CLS states:

1.  Since its founding in 1966, CLS has provided free civil legal assistance to more than one million low-income Philadelphians. CLS assists clients when they face the threat of losing their homes, incomes, health care, and even their families. CLS attorneys and other staff provide a full range of legal services, from individual representation to administrative advocacy to class action litigation, as well as community education and social work. CLS is nationally recognized as a model legal services program. CLS is the largest provider of free

civil legal services in Philadelphia, representing over 11,000 low-income individuals every year.

2. CLS's Employment Unit works to remove barriers to employment for CLS's clients, who are almost exclusively low-wage workers. Through this work, CLS has discovered that low-wage workers are forced to sign non-compete clauses in order to obtain work in a wide variety of fields, from ambulance drivers and home health care aides, to part- time custodians and hairdressers, truck drivers making food deliveries, personal assistants, staffing agency callers, and many others.

3. CLS's experience with non-compete clauses provides substantial evidence that, particularly with respect to low-wage workers, the growing trend of non-compete clauses for these workers restricts competition, limits choices for consumers, and damages low-wage workers' ability to earn a living. CLS supports the FTC Rule banning non-compete clauses for most workers and submitted a comment to the FTC when the Rule was imposed, setting forth CLS's experience and position. See Exhibit A, CLS Comment to FTC Non-Compete Clause Rulemaking (Apr. 19, 2023) ("CLS Comment").

4. Any delay in the implementation of the FTC's Rule would impede CLS's ability to assist its clients and harm thousands of low-wage workers in Pennsylvania and millions nationwide.

5. Plaintiff ATS Tree Services wishes to continue using non-compete clauses to deter its twelve employees from leaving to work for competitors. In order to protect that interest, ATS asks this Court to suspend the effective date of the Federal Trade Commission's recently announced Non-Compete Clause Rule, 89 Fed. Reg. 38342 (May 7, 2024).

6. The injunction requested by ATS would affect one-fifth of the nation's workers—approximately 30 million individuals—including CLS clients.

7. CLS submits this brief *amicus curiae* to dispute the claims of ATS that is has protectable legal interests in its admittedly overbroad noncompete agreements with its tree technicians and to document the harm that the requested injunction would cause to low wage workers in Pennsylvania and beyond. CLS contends that ATS cannot establish that it will likely suffer irreparable injury without an injunction; that the balance of equities favors the issuance of a nationwide injunction; or that such an injunction serves the public interest.

8. "A district court has broad discretion to appoint *amicus curiae*. … A court may grant such leave if it deems the proffered information timely and useful." *Schmidt v. Bd. of Tr. of Iron Workers Dist. Council Philadelphia & Vininity*, No. CIV.A. 94-7700, 1995 WL 496031, at *1 (E.D. Pa. Aug. 15, 1995) (cleaned up)."Although a district court has inherent power to appoint amici, there is no specific statute or rule that so provides," and so district courts may be "guided by Rule 29 of the Federal Rules of Appellate Procedure." *Martinez v. Cap. Cities/ABC-WPVI*, 909 F. Supp. 283, 286 (E.D. Pa. 1995). Under FRAP 29, private parties "may file a brief only by leave of court or if the brief states that all parties have consented to its filing[.]" Fed. R. App. P. 29(a)(2). Counsel for the Parties have stated that they consent to *amicus* CLS filing the proposed brief.

WHEREFORE, CLS respectfully requests that this Court grant it leave to file the attached brief as *amici curiae*.

Dated:  June 7, 2024                                    Respectfully submitted,

<div style="margin-left: 40%;">

*/s/ David Nagdeman*
David Nagdeman
PA ID No. 327652
Edward Diver
PA ID No. 85011
Mary Catherine Roper
PA ID No. 71107
LANGER, GROGAN & DIVER P.C.
1717 Arch St., Ste 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
ndiver@langergrogan.com
mroper@langergrogan.com
dnagdeman@langergrogan.com

*/s/ Brendan Lynch*
Brendan Lynch
PA ID No. 82675
COMMUNITY LEGAL SERVICES, INC.
1424 Chestnut St.
Philadelphia, PA 19102
Tel: (215) 981-3700
Fax: (215) 981-0434
blynch@clsphila.org

Counsel for *Amicus Curiae* Community Legal Services, Inc.

</div>

## CERTIFICATE OF SERVICE

On June 7, 2024, I certify that I caused copies of the foregoing unopposed motion for leave to file an *amicus curiae* brief and supporting papers to be served by the Court's ECF system on all counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　/s *David Nagdeman*
　　　　　　　　　　　　　　　　　　　　　　　David Nagdeman