**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ATS TREE SERVICES, LLC,

*Plaintiff,*

v.

FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON, and MELISSA HOLYOAK, in their official capacities as Commissioners of the FTC,

*Defendants.*

Case No.: 2:24-cv-1743-KBH

**UNOPPOSED MOTION OF 35 LAW, BUSINESS, AND ECONOMICS PROFESSORS AND SCHOLARS FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY EFFECTIVE DATE AND FOR PRELIMINARY INJUNCTION**

Alia Al-Khatib
Bar No. 325456
Civil Practice Clinic
University of Pennsylvania Carey Law School
3501 Sansom Street
Philadelphia, PA 19104
Tel: 215-898-8427
Email: aliaalkh@law.upenn.edu

Phillip R. Malone (*pro hac vice pending)*
Juelsgaard Intellectual Property & Innovation Clinic
Mills Legal Clinic, Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
Tel: 650-725-6369
Email: pmalone@law.stanford.edu

*Counsel for Amici Curiae*

*Amici curiae* 35 professors and scholars of law, business, and economics respectfully move for leave to file the attached brief in support of Defendant the Federal Trade Commission's ("the Commission") Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) ("the Rule") and its Opposition to Plaintiff's Motion to Stay Effective Date and for Preliminary Injunction, ECF No. 22. Counsel for Plaintiff and the Commission advise that they consent to this motion.

*Amici* are professors and scholars who teach and write about economics, intellectual property, antitrust, consumer law, employment, and labor law, among other subjects.[1] A full list of amici is in the Appendix.

While there is no Federal Rule of Civil Procedure that governs *amicus curiae* briefs in federal district court, district courts "have broad discretion to appoint amicus curiae." *Sciotto v. Marple Newtown Sch. Dist*., 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999) (quoting *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp*., 149 F.R.D. 65, 82 (D.N.J. 1993)); *see also Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998). While *amicus* briefs in district court are less common than in appellate court, district courts across the country regularly accept them. This Court has recently done so in this case. ECF No. 20.

In the absence of a specific rule, district courts may be "guided by Rule 29 of the Federal Rules of Appellate Procedure." *Martinez v. Cap. Cities/ABC-WPVI*, 909 F. Supp. 283, 286 (E.D. Pa. 1995). In the appellate context, *amicus* briefs are routinely accepted if the moving party has

[1] *Amici* make the following disclosure similar to the one required for appellate amicus briefs by Federal Rule of Appellate Procedure 29(a)(4)(E): No counsel for a party authored the proposed *amici* brief in whole or in part, and no party or counsel for a party made a monetary contribution intended to fund its preparation or submission. No person other than the *amici* or their counsel made a monetary contribution to the preparation or submission of this brief.

specialized knowledge, the offered information is relevant to the disposition of the case, and receiving it may be desirable for the Court. *See* Fed. R. App. P. 29(a)(3)(B).

Here, the *amici* professors and scholars have deep expertise about noncompete agreements ("noncompetes") and the information their brief will provide is highly relevant. *Amici* are among the scholars who have studied and written most extensively about noncompetes and their harmful effects on innovation, entrepreneurship, competition, and employee mobility and wages.[2] Several

[2] A sampling of *amici*'s writings include: Rachel Arnow-Richman, *Battling the Form: A Front-End Approach to Default-Use Noncompetes*, 34 Fla. J. L Pub. Pol'y. (forthcoming 2024); Jonathan F. Harris, *Unconscionability in Contracting for Worker Training*, 72 Ala. L. Rev. 723 (2021); Jonathan F. Harris, *Consumer Law as Work Law*, 112 Calif. L. Rev. 1 (2024); Mark Lemley & Orly Lobel, *Supporting Talent Mobility and Enhancing Human Capital: Banning Noncompete Agreements to Create Competitive Job Markets* (Day One Project 2021) [hereinafter Lemley & Lobel, Day One Project]; Mark Lemley & Orly Lobel, *Banning Noncompetes Is Good for Innovation*, Harv. Bus. Rev. (Feb. 6, 2023), https://perma.cc/93FH-6ABJ; Orly Lobel, *The Spinoff Advantage*, *in* The Cambridge Handbook of Law and Entrepreneurship in the United States 257-67 (D. Gordon Smith et. al. eds., 2022); Orly Lobel, *Boilerplate Collusion: Clause Aggregation, Antitrust Law & Contract Governance*, 106 Minn. L. Rev. 877 (2021); Orly Lobel, *Exit, Voice & Innovation: How Human Capital Policy Impacts Equality (& How Inequality Hurts Growth)*, 57 Hous. L. Rev. 781 (2020); Orly Lobel, *Knowledge Pays: Reversing Information Flows and the Future of Pay Equity*, 120 Colum. L. Rev. 547 (2020); Orly Lobel, *Noncompetes, Human Capital Policy & Regional Competition*, 45 J. of Corp. L. 931 (2020); Orly Lobel, *Why California Is Such a Talent Magnet*, Harv. Bus. Rev. (Jan. 19, 2016), https://perma.cc/U89T-2P78; Orly Lobel, *The New Cognitive Property*, 93 Tex. L. Rev. 789 (2015); Orly Lobel, *Talent Wants to Be Free: Why We Should Learn to Love Leaks, Raids, and Free Riding* (Yale Univ. Press 2013); On Amir & Orly Lobel, *How Noncompetes Stifle Performance*, Harv. Bus. Rev., Jan.-Feb. 2014, https://perma.cc/3R84-K9HX; On Amir & Orly Lobel, *Driving Performance: A Growth Theory of Noncompete Law*, 16 Stan. Tech. L. Rev. 833 (2013); Christopher L. Peterson & Marshall Steinbaum, *Coercive Rideshare Practices: At the Intersection of Antitrust and Consumer Protection Law in the Gig Economy*, 90 U. Chi. L. Rev. 623 (2023); Christopher B. Seaman, *Noncompetes and Other Post-Employment Restraints on Competition: Empirical Evidence from Trade Secret Litigation*, 72 Hastings L.J. 1183 (2021); Camilla A. Hrdy & Christopher B. Seaman, *Beyond Trade Secrecy: Confidentiality Agreements That Act Like Noncompetes*, 133 Yale L.J. 669 (2024).

of the *amici* submitted comments to the Commission providing data and expertise during the rulemaking process in support of the Rule.[3]

The attached proposed *amici* brief will be useful to the Court. Courts "would be well advised to grant motions for leave to file amicus briefs unless it is obvious" that they will be unhelpful. *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.)). While *amici* have no personal interest in this case, they have longstanding professional interests and deep expertise in ensuring that the law and regulations support policies that maximize labor mobility, competition, and innovation and ensure fair and equal terms of employment for all workers. Noncompetes, studied extensively by *amici*, have long undermined these policy goals. *Amici* thus offer unique and helpful perspectives about the context and impact of noncompetes and the critical public interests served by the Rule. *Amici's* distinctive perspectives and deeply informed expertise will be of value to this Court in considering the challenges to the Rule raised in this case. *See Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987) ("[P]ermitting persons to appear . . . as friends of the court . . . may be advisable where third parties can contribute to [a] court's understanding.").

*Amici's* submission of the brief is also timely (three days after the party brief it supports). Acceptance of this brief will not cause any delay as it is being submitted with ample time for the parties to consider its arguments.

---

[3] *See, e.g.*, Jonathan F. Harris, Dalié Jiménez & Jonathan Glater, Comment Letter on Noncompete Clause Rule (Apr. 18, 2023), https://www.regulations.gov/comment/FTC-2023-0007-20873; Mark Lemley & Orly Lobel, Comment Letter on Noncompete Clause Rule (March 15, 2023), https://www.regulations.gov/comment/FTC-2023-0007-10461; Rachel Arnow-Richman, Jonathan F. Harris & Orly Lobel, Comment Letter on Noncompete Clause Rule (Apr. 18, 2023), https://www.regulations.gov/comment/FTC-2023-0007-19808.

For the above reasons, *amici* respectfully ask the Court to grant leave to file the attached Brief *Amici Curiae* of 35 Law, Business, and Economics Professors and Scholars in Support of Defendants' Opposition to Plaintiff's Motion to Stay Effective Date and for Preliminary Injunction.

Dated: June 7, 2024

Respectfully submitted,

By: /s/ Phillip R. Malone

Phillip R. Malone (*pro hac vice pending*)
Juelsgaard Intellectual Property &
Innovation Clinic
Mills Legal Clinic, Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
Tel: 650-725-6369
Fax: 650-723-4426
Email: pmalone@law.stanford.edu

Alia Al-Khatib
Bar No. 325456
Civil Practice Clinic
University of Pennsylvania Carey Law School
3501 Sansom Street
Philadelphia, PA 19104
Tel: 215-898-8427
Email: aliaalkh@law.upenn.edu

**APPENDIX — LIST OF AMICI**

*Amici curiae* are the 35 professors and scholars listed below. Affiliation is provided for identification purposes only; all signatories are participating in their individual capacity and not on behalf of their institutions.

**Professor Richard Alderman**
University of Houston Law Center

**Professor Rachel Arnow-Richman**
University of Florida Levin College of Law

**Professor Jonathan Askin**
Brooklyn Law School

**Professor Gilat Juli Bachar**
Temple University Beasley School of Law

**Professor Susan Block-Lieb**
Fordham School of Law

**Professor Andrew Chin**
University of North Carolina School of Law

**Professor Christine Desan**
Harvard Law School

**Professor Rochelle Dreyfuss**
New York University School of Law

**Professor Kathleen C. Engel**
Suffolk University Law School

**Professor Keith Marzilli Ericson**
Boston University Questrom School of Business

**Professor Eric M. Fink**
Elon University School of Law

**Professor Pamela Foohey**
University of Georgia College of Law

**Professor Brian L. Frye**
University of Kentucky College of Law

**Professor Farshad Ghodoosi**
Nazarian College of Business and Economics, California State University, Northridge

**Professor Jonathan D. Glater**
UC Berkeley School of Law

**Professor Nikolas Guggenberger**
University of Houston Law Center

**Professor Jonathan F. Harris**
LMU Loyola Law School Los Angeles

**Professor Peter Henderson**
Princeton University

**Professor Robert A. Heverly**
Albany Law School

**Professor Dalié Jiménez**
University of California, Irvine School of Law

**Professor Amy Landers**
Drexel University, Thomas R. Kline School of Law

**Professor Mark A. Lemley**
Stanford Law School

**Professor Yvette Joy Liebesman**
Saint Louis University School of Law

**Professor Orly Lobel**
University of San Diego School of Law

**Professor Michael J. Madison**
University of Pittsburgh School of Law

**Seth E. Mermin**
UC Berkeley School of Law

**Professor Viva Moffat**
University of Denver College of Law

**Professor John M. Newman**
University of Miami School of Law

**Professor Vijay Raghavan**
Brooklyn Law School

**Professor Christopher B. Seaman**
Washington and Lee University School of Law

**Professor Michael S. Sinha**
Saint Louis University School of Law

**Professor Olav Sorenson**
UCLA Anderson

**Professor Marshall Steinbaum**
University of Utah

**Professor David C. Vladeck**
Georgetown University Law Center

**Professor Eric Wright**
Santa Clara University School of Law

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Brief *Amici Curiae* of 35 Law, Business, and Economics Professors and Scholars in Support of Defendants' Opposition to Plaintiff's Motion to Stay Effective Date and for Preliminary Injunction complies with the Judicial Policies and Procedures for cases assigned to District Judge Kelley B. Hodge and that it has been prepared in a proportionally spaced typeface using Microsoft Office Word with text in 12-point Times New Roman font with one-inch margins.

DATED: June 7, 2024

By: /s/ Phillip R. Malone

Phillip R. Malone (*pro hac vice pending*)
Juelsgaard Intellectual Property &
Innovation Clinic
Mills Legal Clinic, Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
Tel: 650-725-6369
Fax: 650-723-4426
Email: pmalone@law.stanford.edu

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, I electronically filed this document using the ECF system, which will send notification to the ECF counsel of record.

/s/ Alia Al-Khatib
Alia Al-Khatib