IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON, and MELISSA HOLYOAK, in their official capacities as Commissioners of the FTC,<br><br>Defendants. | No. 2:24-cv-01743-KBH |

**NOTICE OF SUPPLEMENTAL AUTHORITIES**

Plaintiff ATS Tree Services, LLC ("ATS") respectfully submits this Notice of Supplemental Authorities in connection with its Motion to Stay Effective Date and for Preliminary Injunction (Doc. 10). On July 3, 2024, the U.S. District Court for the Northern District of Texas in *Ryan LLC v. FTC*, No. 3:24-cv-00986 (N.D. Tex.) entered an opinion and order granting the plaintiffs' motion for preliminary injunction and to stay the effective date of the Federal Trade Commission's ("FTC") Final Rule banning non-compete agreements. *See* Ex. A. The Court held that the plaintiffs were likely to succeed on the merits of their argument that the FTC lacks substantive rulemaking authority for unfair methods of competition, *see id.* at 19, and that the Final Rule was arbitrary and capricious. *Id.* at 23. Further, the court held that the plaintiffs would be irreparably harmed because they would incur nonrecoverable compliance costs. *Id.* at 26-27. Finally, the court held that the merged public interest and equities factors weighed in plaintiffs' favor. *Id.* at 28. For these reasons, the Court preliminarily enjoined enforcement of the Final Rule against the plaintiffs and stayed the Rule's effective date as limited in a forthcoming order. *Id.* at 32.

1

Also, on June 27, 2024, the U.S. Supreme Court issued a relevant opinion in *Ohio v. EPA*, in which it stayed enforcement of an EPA rule pending the disposition of applicants' petitions for review. *See* Ex. B. After reciting the four *Nken* factors courts consider when deciding whether to grant a stay, the Court stated that when "parties seek to stay the enforcement of a federal regulation against them, often 'the harms and equities [will be] very weighty on both sides.'" *Id.* at 10 (alteration in original) (citation omitted). One of the harms alleged by the applicants included costs of "complying with the [rule] during the pendency of this litigation," and the Court noted those costs "are 'nonrecoverable.'" *Id.* at 11 (citations omitted). Because "each side ha[d] strong arguments about the harms they face and equities involved, [the Court's] resolution of these stay requests ultimately turn[ed] on the merits and the question who is likely to prevail at the end of this litigation." *Id.* (citations omitted). And because the applicants were likely to succeed on the merits, the Court granted the stay.

ATS respectfully requests the Court consider these new decisions when ruling on the pending motion.

DATED: July 3, 2024.

Respectfully submitted,

s/ *Sean Radomski*

| | |
|---|---|
| LUKE WAKE* | SEAN RADOMSKI |
| California Bar No. 264647 | Pennsylvania Bar No. 319732 |
| PACIFIC LEGAL FOUNDATION | JOSHUA M. ROBBINS* |
| 555 Capitol Mall, Suite 1290 | Virginia Bar No. 91020 |
| Sacramento, California 95814 | PACIFIC LEGAL FOUNDATION |
| Telephone: (916) 419-7111 | 3100 Clarendon Blvd., Suite 1000 |
| LWake@pacificlegal.org | Arlington, Virginia 22201 |
| | Telephone: (202) 888-6881 |
| | SRadomski@pacificlegal.org |
| *admitted Pro Hac Vice* | JRobbins@pacificlegal.org |

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which sent notifications of such filing to all registered CM/ECF users.

DATED: July 3, 2024.

/s/ *Sean Radomski*
SEAN RADOMSKI