**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ATS TREE SERVICES, LLC,

Plaintiff,

v.

FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON, and MELISSA HOLYOAK, in their official capacities as Commissioners of the FTC,

Defendants.

Case No. 2:24-cv-01743-KBH

**BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD**

On July 10, 2024, the Court held a hearing on Plaintiff ATS Tree Services, LLC's ("ATS") Motion for Stay of Effective Date and Preliminary Injunction (Doc. 10) (the "Motion"). In support of the Motion, ATS filed a declaration from Mr. David Servin documenting the irreparable harm ATS will suffer if the Federal Trade Commission's Non-Compete Clause Rule (the "Final Rule") goes into effect on September 4, 2024. Declaration of D. Servin (Doc. 11-1) ("Servin Decl."). During the July 10, 2024, hearing, the Court questioned ATS's counsel seeking additional information regarding one of the types of irreparable harm ATS will suffer if the Final Rule is not preliminarily enjoined. To fully respond to the Court's questions, ATS respectfully requests the opportunity to supplement the record with the attached supplemental declaration from Mr. Servin, or, in the alternative, requests the Court set an evidentiary hearing to provide Mr. Servin an opportunity to testify regarding the irreparable harm ATS will suffer if the Final Rule is not preliminarily enjoined. ATS conferred with Defendants regarding this motion and Defendants oppose this request. Supplementing the record through either the attached declaration or further

testimony from Mr. Servin will address the Court's questions regarding irreparable harm and assist in deciding the Motion.

**ARGUMENT**

In its briefs on the Motion, ATS put forward several irreparable injuries that it will suffer if the Final Rule is allowed to go into effect, including incurring nonrecoverable compliance costs, losing its contractual rights in its existing non-compete agreements, and the significant risk of immediately losing employees who have received specialized training from ATS to a direct competitor. Doc. 11 at 23–24; Doc. 53 at 15–17. In support of these arguments, ATS filed with the Motion a declaration from ATS's Chief Financial Officer and part owner, David Servin. Servin Decl. ¶ 2. The declaration laid out the specialized training program ATS provides its tree care employees, including technical climbing training, explained that the training program would be infeasible without the protection of ATS's non-compete agreements, and described the compliance costs ATS will face if it must comply with the Rule. *See generally id.* ATS maintains that the Servin Declaration establishes irreparable harm under the relevant legal standards as described in ATS's briefs. Doc. 11 at 23–24; Doc. 53 at 15–17.

During the July 10, 2024, hearing on the Motion, the Court extensively questioned ATS's counsel seeking more detailed information beyond the Servin Declaration about the harm ATS would suffer without a preliminary injunction. For example, the Court questioned ATS's counsel concerning the precise nature of the specialized training ATS employees receive, the costs of that training, the extent of outside versus on-the-job or internal training employees received, and whether and to what extent ATS employees could be trained by watching publicly available videos. ATS and Defendants agreed prior to the hearing that for purposes of the Motion "the facts as presented in the record would be the same if presented" during the hearing and that the parties would therefore "forgo the presentation of evidence" during the hearing. Doc. 64. Given the

parties' agreement, ATS was not expecting to put on witnesses or to offer additional evidence beyond what was contained in Mr. Servin's declaration.

ATS does not believe that additional evidence is necessary to illustrate that it will suffer irreparable harm from the Final Rule. But in light of the Court's questions, and its apparent view that additional evidence is necessary, ATS requests that the Court permit ATS to supplement the preliminary injunction record either by considering the attached supplemental declaration from Mr. Servin or setting an evidentiary hearing at which Mr. Servin be given the opportunity to testify. Granting this request would be consistent with the past practice of courts in this district, which have permitted the preliminary injunction record to be supplemented. *Mickens-Thomas v. Martinez,* No. CIV.A. 04-1615, 2004 WL 1275216, at *1 (E.D. Pa. June 7, 2004); *Britt-Still v. Allstate Ins. Co.*, No. CIV. A. 90-7815, 1991 WL 64623, at *2 (E.D. Pa. Apr. 24, 1991). ATS acknowledges that the Court stated its intention to rule on the Motion by July 23, 2024. Doc. 15. But good cause exists to supplement the record because a supplemental declaration or further testimony from Mr. Servin will aid the Court in evaluating the irreparable harm to ATS through additional evidence rather than the representations of ATS's counsel. Mr. Servin is currently preparing for the Pennsylvania bar exam, which takes place on July 30 and 31, 2024. He is available beginning August 1 to attend a hearing if the Court decides to hear fact testimony on the Motion.

## CONCLUSION

For the foregoing reasons, ATS respectfully requests that this Court supplement the record on the Motion with the attached declaration from Mr. Servin, or, in the alternative, set an evidentiary hearing at which Mr. Servin can testify regarding the irreparable harm the Final Rule will cause ATS.

DATED: July 17, 2024.

Respectfully submitted,

s/ *Joshua M. Robbins*

SEAN RADOMSKI
Pennsylvania Bar No. 319732
JOSHUA M. ROBBINS*
Virginia Bar No. 91020
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
SRadomski@pacificlegal.org
JRobbins@pacificlegal.org

LUKE WAKE*
California Bar No. 264647
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
LWake@pacificlegal.org

*Attorneys for Plaintiff*

**admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which sent notifications of such filing to all registered CM/ECF users.

DATED: July 17, 2024.

/s/ *Joshua M. Robbins*
JOSHUA M. ROBBINS