IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br><br>           Plaintiff,<br><br>   v.<br><br>FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON, and MELISSA HOLYOAK, in their official capacities as Commissioners of the FTC,<br><br>           Defendants. | Case No. 2:24-cv-01743-KBH |

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

    The recent decision in *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, No. 23-1633, 2024 WL 3406290 (3d Cir. July 15, 2024) ("*Delaware*"), does not change the standard for assessing Plaintiff's pending motion for preliminary injunction as already fully briefed. The Third Circuit merely reaffirmed what Plaintiff has argued from the outset: The District Court has discretion to grant a preliminary injunction to "preserv[e]" the status quo provided the moving party demonstrates a likelihood of success on the merits, irreparable harm, and that the balance of harms and public interest favor equitable relief. *Id*. at *5.

    The holding in *Delaware* is simply that the Court must assess "all [four equitable] factors before granting relief." *Id*. at *6. *Delaware* rejected an argument that a moving party can "sidestep" these factors simply by claiming a constitutional injury. *Id*. In that case, gun rights advocates argued that "if a plaintiff will likely succeed on the merits of a constitutional claim, a court *must* grant a preliminary injunction." *Id*. at *1. The Third Circuit concluded that this would improperly "collapse[] the four factors into one." *Id*.

But the Plaintiff makes no such argument here. Instead, the Plaintiff argues that preliminary relief is warranted because *all* the equitable factors militate in favor of "preserv[ing] the status quo." *Id*. at *4. And unlike in *Delaware*, Plaintiff has submitted evidence speaking to the fact that there is "a time sensitive need for relief"—not least because Plaintiff will soon be compelled to tell its employees that the company will no longer enforce their noncompete agreements. This is the sort of injury that cannot be "cured after the final judgment" because Plaintiff will lose its contractual rights and face the substantial risk that its skilled employees that received ATS's proprietary training will leave for a direct competitor.

The opinion ***does not*** hold that the only basis for a preliminary injunction is to avoid mooting a case. On the contrary, the Third Circuit recognizes the district court judges maintain "sound discretion" to issue equitable relief after weighing all the factors. *Id*. at *4-*5.

DATED: July 18, 2024.

Respectfully submitted,

s/ *Sean Radomski*
SEAN RADOMSKI
Pennsylvania Bar No. 319732
JOSHUA M. ROBBINS*
Virginia Bar No. 91020
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
SRadomski@pacificlegal.org
JRobbins@pacificlegal.org

LUKE WAKE*
California Bar No. 264647
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
LWake@pacificlegal.org

*Attorneys for Plaintiff*
**admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which sent notifications of such filing to all registered CM/ECF users.

DATED: July 18, 2024.

                                                /s/ *Sean Radomski*
                                                SEAN RADOMSKI
                                                *Attorney for Plaintiffs*