UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON, AND MELISSA HOLYOAK, in their official capacities as Commissioners of the Federal Trade Commission,<br><br>    Defendants. | No. 2:24-cv-01743-KBH |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

Defendants respectfully submit this response to Plaintiff's motion to supplement the record. As indicated in the parties' July 3, 2024 joint notice, the parties conferred and agreed prior to the July 10 hearing to "forgo the presentation of evidence," including any witness testimony, and that "the facts presented in the record would be the same if presented during [that] hearing." Joint Notice Regarding July 10, 2024 Hearing, ECF No. 64. Plaintiff has not demonstrated cause for departing from that agreement. Plaintiff's proposed supplemental evidence does not appear to be based on any new facts or aimed at correcting any procedural unfairness. Furthermore, accepting Plaintiff's supplemental evidence after the conclusion of briefing and the hearing would prejudice Defendants. Thus, Plaintiff's motion to supplement the record should be denied.

1

## BACKGROUND

Plaintiff ATS Tree Services, LLC filed this lawsuit on April 24, 2024, and moved for a preliminary injunction and stay of effective date on May 13, 2024. Compl., ECF No. 1; Mot. for Stay of Effective Date & Prelim. Inj., ECF No. 10. In support of its motion, Plaintiff introduced a declaration from Mr. David Servin, ATS's Chief Financial Officer. Decl. of D. Servin, ECF No. 11-1. The parties briefed the preliminary injunction motion based on an evidentiary record consisting of Mr. Servin's declaration and the certified administrative record, which Defendants produced to Plaintiff. *See* Order, ECF No. 52 (setting procedures for submitting and citing to relevant portions of the administrative record).

In setting a schedule for consideration of the preliminary injunction motion, this Court set a tentative hearing date for July 10, 2024, and indicated that it would issue a decision on that motion by July 23, 2024. Order, ECF No. 15. The Court subsequently confirmed that it would hold a hearing on July 10. Order, ECF No. 63. In advance of the hearing, and at Plaintiff's request, the parties conferred regarding the scope of the hearing. *See* ECF No. 64. The parties agreed that "for the limited purpose of the resolution of the [Preliminary Injunction] Motion, . . . the facts as presented in the record would be the same if presented during the . . . hearing," and therefore the parties agreed to "forgo the presentation of evidence," including calling any witnesses. *Id.* With that mutual understanding, the parties prepared for the July 10 argument based on the evidentiary record that was then currently before the Court.

At the July 10 hearing, the Court confirmed at the outset that the parties did not plan to, and the Court would not permit, the introduction of any new evidence or testimony. At the hearing's conclusion, the Court also indicated that it did not need supplemental briefing to decide

the preliminary injunction motion. Finally, the Court indicated that it still planned to issue a decision by July 23.

On July 17, Plaintiff moved to supplement the record with a second declaration from Mr. Servin, or in the alternative for an evidentiary hearing. Mot. to Supplement the Record, ECF No. 74. Plaintiff maintains that the current record is sufficient to establish irreparable harm but nevertheless seeks to introduce new evidence or testimony "[t]o fully respond to the Court's questions" from the hearing. Br. in Supp. of Mot. to Supplement to the Record, ECF No. 75.

## ARGUMENT

The Court should deny Plaintiff's motion to supplement the record. "[I]t is within a court's discretion to set deadlines to receive evidence in support of a preliminary injunction." *Theia Techs., LLC v. Theia Grp., Inc.*, 2021 WL 291313, at *8 (E.D. Pa. Jan. 28, 2021). Here, the parties conferred and agreed that the evidentiary record that was before the Court during the July 10 hearing would form the basis for the Court's decision on the preliminary injunction motion, and the Court confirmed the same at the hearing. Plaintiff has not established cause for departing from that agreement.

Plaintiff's purported justification for supplementing the record now is that the Court has the "apparent view that additional evidence is necessary" based on the Court's questions at the hearing regarding irreparable harm. *See* ECF No. 75 at 3. But asking questions about the parties' evidence and arguments is commonplace; that does not in itself provide cause for introducing new evidence and argumentation following the conclusion of briefing and a hearing, particularly when the parties agreed beforehand to forgo the presentation of any additional evidence. To be sure, as Plaintiff points out, courts sometimes permit parties to supplement the evidentiary record as a matter of procedural fairness or to permit the introduction of new evidence not available prior to

3

the hearing. *See* ECF No. 75 at 3 (citing *Mickens-Thomas v. Martinez*, 2004 WL 1275216, at *1 (E.D. Pa. June 7, 2004), in which the court permitted the *defendants* to supplement the record as a matter of "fairness" because they "may not have anticipated the main issue before the court" given the expedited nature of the proceedings at the petitioner's request, and *Britt-Still v. Allstate Inc. Co.*, 1991 WL 64623 (E.D. Pa. Apr. 24, 1991), in which the court permitted the plaintiff to supplement the record with subsequent deposition testimony that was unavailable at the time of the hearing). In contrast here, Plaintiff's supplemental evidence is a declaration that does not appear to be based on any new facts and which goes to a core issue on which Plaintiff bears the burden with respect to its own request for extraordinary preliminary relief—establishing irreparable harm—not to an issue Plaintiff "may not have anticipated" prior to the hearing. Further underscoring the lack of cause for the introduction of additional evidence now, Plaintiff contends that the existing record is sufficient to establish irreparable harm. *See* ECF No. 75 at 2–3.[1]

Moreover, Defendants would be prejudiced by the introduction of new evidence at this stage in the proceedings. Defendants briefed the preliminary injunction and prepared for the July 10 hearing based on the agreement that the evidentiary record was settled. Plaintiff remains free to submit evidence of injury at the summary judgment stage. But it is Plaintiff, not Defendants who have requested emergency relief, and the Court has indicated that it plans to issue a decision on the preliminary injunction by July 23, just four days from now. Plaintiff's supplemental

---

[1] Defendants note that Plaintiff's supplemental declaration, like the original declaration filed in support of the motion for a preliminary injunction, fails to aver that any ATS employee plans to leave ATS for a competitor after the rule's effective date. *See* Defs.' Br. in Opp. to Pl's. Mot. for Stay of Eff. Date & Prelim Inj, ECF No. 22 at 32 (explaining that "ATS's cursory reference to the 'risk' of losing employees to competitors after the Rule takes effect also fails to satisfy its burden with respect to irreparable harm."). The new declaration, like its predecessor, therefore fails to establish that ATS will suffer irreparable harm.

4

declaration is essentially a belated attempt to bolster its assertions of irreparable harm for purposes of a preliminary injunction, which should not be permitted.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion to supplement the record.

Dated: July 19, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY R. FARBY
Assistant Branch Director

*/s/ Arjun Mody*
RACHAEL L. WESTMORELAND
TAISA M. GOODNATURE
ARJUN MODY (DC # 90013383)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 451-7723
E-mail: arjun.a.mody@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.

*/s/ Arjun Mody*
ARJUN MODY
