IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br>LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission,<br>REBECCA KELLY SLAUGHTER,<br>ALVARO BEDOYA,<br>ANDREW N. FERGUSON and<br>MELISSA HOLYOAK, in their official capacities as Commissioners of the FTC,<br>Defendants. | CIVIL ACTION<br><br><br><br>NO.  24-1743 |

**O R D E R**

**AND NOW**, this 23rd day of July, 2024, upon consideration of Plaintiff's Motion to Supplement the Record (ECF No. 74), Defendants' response thereto (ECF No. 78), and no good cause appearing, **IT IS ORDERED** that Plaintiff's Motion (ECF No. 74) is **DENIED**.[1]

**SO ORDERED.**

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
HODGE, KELLEY B., J.

---

[1] The matter before the Court is Plaintiff's Motion to Supplement the Record ("Motion"). (ECF No. 74.) For the reasons stated herein, the Court denies the Motion.

Plaintiff filed this lawsuit on April 25, 2024, challenging the Defendants' rule banning non-compete clauses ("Final Rule"). (ECF No. 1.) On May 14, 2024, Plaintiff moved this Court for a stay of the Final Rule's effective date and preliminary injunction preventing enforcement of the Rule ("Preliminary Injunction Motion") and requested oral argument therein. (ECF No. 10.) In support of its Preliminary Injunction Motion, Plaintiff included a declaration from Mr. David Servin. (ECF No. 11-1). On June 4, 2024, Defendants filed their Response in Opposition. (ECF No. 22.) Plaintiff filed its Reply in Support of its Motion on June 25, 2024. (ECF No. 53.) On July

3, 2024, the Parties filed a Joint Notice Regarding the July 10, 2024 Hearing stipulating that "the facts as presented in the record would be the same if presented during the July 10, 2024 hearing," and therefore, the "Parties will forgo the presentation of evidence; neither party intends to call any witnesses in connection with the [Preliminary Injunction] Motion." (ECF No. 64 at 1.) On July 10, 2024, the Court held oral argument on Plaintiff's Preliminary Injunction Motion. At the outset of the hearing, the Court confirmed that the Parties would not be introducing new evidence or testimony. (ECF No. 70 at 5:13-17.) At the hearing's conclusion, the Court confirmed it did not need supplemental briefing on the Preliminary Injunction Motion. (*Id.* at 110:15-16.)

With its Motion filed on July 17, 2024, Plaintiff now seeks to supplement the record with an additional declaration from Mr. Servin, the same person who gave the original declaration, (*see* ECF No. 11-1), presenting evidence that was available to Plaintiff and its declarant at the time it initiated this case. (*See* ECF No. 74.) Defendants oppose the Motion, arguing that Plaintiff has not established good cause and that accepting supplemental evidence after the conclusion of briefing and the hearing would prejudice Defendants. (*See* ECF No. 78.)

"[I]t is within a court's discretion to set deadlines to receive evidence in support of a preliminary injunction." *Theia Techs., LLC v. Theia Grp., Inc.*, No. 20-cv-97, 2021 WL 291313, at *8 (E.D. Pa. Jan. 28, 2021). As Plaintiff notes, in certain circumstances, courts have permitted parties to supplement the record where good cause appears, including out of "fairness" because a party "may not have anticipated the main issue before the court" in light of an expedited timeline, and where the deposition testimony was unavailable at the time of the hearing. (*See* ECF No. 75 at 3 (citing cases); ECF No. 78 at 4 (citing cases).) Defendants assert that the cases cited by Plaintiff are inapposite to the circumstances here, where the testimony presented in the supplemental declaration was available at the time this case was filed and where the declaration goes to the core elements of Plaintiff's request for preliminary injunction, not an unanticipated ancillary issue. The Court agrees. The Court finds that Plaintiff's Motion fails to show good cause for four reasons: (1) Plaintiff concedes that it believes no further evidence is necessary to support its position, (ECF No. 75 at 3); (2) Plaintiff's supplemental declaration is from the same declarant and provides no new facts, (*id.* at 2); (3) Plaintiff's supplemental declaration goes to a known core issue of its Preliminary Injunction Motion; and (4) to find otherwise would substantially prejudice Defendants.

As Plaintiff stated, "ATS does not believe that additional evidence is necessary to illustrate that it will suffer irreparable harm from the Final Rule," (ECF No. 75 at 3), and that it "maintains that the Servin Declaration [(ECF No. 11-1)] establishes irreparable harm under the relevant legal standards as described in ATS's briefs." (*Id.*) Plaintiff also confirmed that it made the strategic decision to "agree[] prior to the hearing that for purposes of the Motion 'the facts as presented in the record would be the same if presented' during the hearing and that the parties would therefore 'forgo the presentation of evidence' during the hearing." (*Id.* at 2 (quoting ECF No. 64).) Thus, Plaintiff's basis for its Motion is limited to its assertion that "[t]he Court's "apparent view that additional evidence is necessary." (*Id.* at 3.) The Court is unpersuaded. It is the Court's responsibility to evaluate the arguments and evidence presented by the Parties. It was Plaintiff's responsibility to present evidence of irreparable harm. The Court declines to descend the slippery slope that the Court's questions at oral argument reopened the briefing or created a reason to have another evidentiary hearing and argument.

2

3

---

      In addition, as Defendants appropriately point out, "Plaintiff's proposed supplemental evidence does not appear to be based on any new facts or aimed at correcting any procedural unfairness." (ECF No. 78 at 1.) There are no new facts that were unavailable to Plaintiff at the time it initiated this case, and the supplemental declaration is offered simply as further evidence— evidence that Plaintiff states unequivocally that it does not feel is necessary—to support the anticipated issue of irreparable harm, a core element of the preliminary injunction test.

      Finally, although Plaintiff asserts its argument that "good cause exists to supplement the record," (ECF No. 75 at 3), Plaintiff failed to address whether allowing it to supplement the record three business days before this Court is set to rule on the Preliminary Injunction Motion would cause undue prejudice to Defendants. Yet, Defendants argue that they "would be prejudiced by the introduction of new evidence at this stage in the proceedings." (ECF No. 78 at 4.) For this reason and all the reasons stated above, the Court denies Plaintiff's Motion.