## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ATS TREE SERVICES, LLC,

               Plaintiff,

v.

FEDERAL TRADE COMMISSION; LINA
M. KHAN, in her official capacity as Chair
of the Federal Trade Commission; and
REBECCA KELLY SLAUGHTER,
ALVARO BEDOYA, ANDREW N.
FERGUSON, and MELISSA HOLYOAK, in
their official capacities as Commissioners of
the FTC,

               Defendants.

Case No.: 2:24-cv-1743-KBH

## BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS

Plaintiff ATS Tree Services, LLC ("ATS") requests that the Court temporarily stay this case because the relief ATS is seeking—vacatur of the Federal Trade Commission's Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) (the "Final Rule")—has already been ordered by the U.S. District Court for the Northern District of Texas. Because there is nothing to litigate at this time, a temporary stay would promote judicial economy without causing harm to any party.

*Ryan, LLC v. FTC*, No. 3:24-cv-00986 (N.D. Tex.) involves a similar legal challenge to the Final Rule with substantially overlapping claims. On August 20, 2024, the Court in *Ryan* ordered that the Final Rule be set aside and "shall not be enforced or otherwise take effect on September 4, 2024, or thereafter." *Ryan, LLC v. FTC*, --- F.Supp.3d----, 2024 WL 3879954, at *14 (N.D. Tex. Aug. 20, 2024) (the "*Ryan* Judgment"). As a result, it is not necessary for this case—

in which ATS is also seeking to set aside the Final Rule—to proceed so long as the *Ryan* Judgment remains in place.

ATS requests that the Court stay all proceedings in this case pending the earliest of the following events: (1) the expiration of time for the Commission to file a notice of appeal of the final judgment in *Ryan*; (2) if the Commission appeals the *Ryan* Judgment, a decision on the merits from the U.S. Court of Appeals for the Fifth Circuit; or (3) any other event that changes the effectiveness of the *Ryan* Judgment as to ATS. ATS further requests that the parties be required to submit a joint status report within 14 days of the earliest of any of the aforementioned events addressing whether the stay should continue. Should Defendants file a notice of appeal in *Ryan*, the parties should also be required to notify the Court via joint letter within 3 days after the notice of appeal is filed.

Counsel for ATS conferred with counsel for the Commission about this motion. The Commission opposes the request for a stay, and intends to file an opposition setting forth the basis for its position. But ATS submits that a stay is appropriate at this time because it will conserve the resources of the parties given that the validity of the Final Rule has been already resolved by another case, notwithstanding any appeal. *See, e.g., Cofab, Inc. v. Philadelphia Joint Bd., Amalgamated Clothing & Textile Workers' Union, AFL-CIO-CLC*, 141 F.3d 105, 107–08 (3d Cir. 1998) (District Court stayed case in favor of a separate pending agency action and potential Third Circuit petition for review in which "'[t]he central question'" was the same). Further consideration of the Final Rule's validity in other courts is unnecessary at this time because, with the Final Rule presently vacated, there is no relief for any other court to enter. *See, e.g., Council Tree Commc'ns. v. FCC*, 619 F.3d 235, 259 (3d Cir.2010) (vacating an unlawful rule and reinstating the status quo ante).

## BACKGROUND

On April 23, 2024, the FTC issued the Final Rule banning nearly all non-compete agreements between employers and workers. Press Release, Fed. Trade Comm'n, FTC Announces Rule Banning Noncompetes (Apr. 23, 2024) *available at* https://tinyurl.com/4u26b6se. The same day, Ryan, LLC, filed a complaint in the U.S. District Court for the Northern District of Texas challenging the lawfulness and constitutionality of the Final Rule. Complaint, *Ryan, LLC v. FTC*, No. 3:24-cv-00986 (N.D. Tex. Apr. 23, 2024). On April 25, 2024, ATS filed this case challenging the validity of the Final Rule through claims that substantially overlap with *Ryan*. Doc. 1. On July 23, 2024, this Court denied ATS's request for preliminary relief, concluding that ATS was not likely to succeed on the merits of the three claims included in its motion and that ATS had not demonstrated it would be irreparably harmed if the Final Rule went into effect. Doc. 80. On August 6, 2024, the parties submitted a joint status report reflecting their agreement that the case could proceed directly to summary judgment briefing and proposing a schedule. Doc. 82.

On August 20, 2024, the Court in *Ryan* held that the Final Rule was not authorized by statute and was arbitrary and capricious, set aside the entire rule, and forbid its enforcement. *Ryan*, 2024 WL 3879954. After the entry of the *Ryan* Judgment, counsel for the Commission represented to counsel for ATS that the Commission will not seek to enforce the Final Rule against ATS so long as the *Ryan* Judgment is effective as to ATS. On August 22, 2024, the Court in this case entered a briefing schedule for the parties cross-motions for summary judgment that begins on September 20, 2024. Doc. 83.

## ARGUMENT

Because the Final Rule was set aside by the *Ryan* court, a stay is warranted in this case to conserve the resources of the parties and this Court. "A United States district court has broad power

3

to stay proceedings." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). This power is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* Courts evaluate three factors when determining whether to exercise this power: "(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." *Ciolli v. Iravani*, 625 F.Supp.2d 276, 291 (E.D. Pa. 2009). Among the ways the court may exercise this power is to "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel*, 544 F.2d at 1215.

The first factor counsels for temporarily staying the proceedings because a stay would unquestionably conserve the resources of the parties and the Court. The Court should enter this stay to "abide the outcome" in *Ryan* because the relief that ATS is requesting was already entered in the *Ryan* Judgment. *Id.* The *Ryan* Judgment set aside the Final Rule and further ordered that the Final Rule "shall not be enforced or otherwise take effect on September 4, 2024, or thereafter." *Ryan*, 2024 WL 3879954, at *14. This order "restores the status quo before the invalid rule took effect." *Env't Def. v. Leavitt*, 329 F.Supp.2d 55, 64 (D.D.C. 2004). So, there is presently no Final Rule for the parties to litigate.[1]

In the Third Circuit, even the "possibility" that a case could be resolved through a parallel case is "sufficient justification to warrant [a] stay." *Bechtel*, 544 F.3d at 1215. Here, the *Ryan* Judgment has already resolved this case unless it is reversed on appeal. Additionally, the

---

[1] The *Ryan* Judgment does not moot ATS's claims at this time because the Commission may yet appeal. *See Beyond Nuclear, Inc. v. U.S. Nuclear Regul. Comm'n*, --- F.4th ----, 2024 WL 3942343, at *2 n.5 (D.C. Cir. Aug. 27, 2024). The Commission's opposition to this motion to stay is a strong indication that it plans to do so.

Commission has further confirmed that it will not seek to enforce the Final Rule against ATS so long as the *Ryan* Judgment is effective as to ATS. Under these circumstances, proceeding to the merits is unnecessary because the Final Rule will remain vacated unless the *Ryan* Judgment is reversed. And since that is precisely the relief that ATS has sought, there is no point in proceeding forward on the merits unless and until the *Ryan* Judgment is reversed.

Moreover, while ATS is prepared to file a motion for summary judgment if the Court maintains the present briefing schedule, continuing the litigation would put ATS in the awkward position of asking this Court to "set aside" a rule that does not presently exist—and might never be reinstated. Such an exercise would require a significant expenditure of resources on the part of the parties and the Court for what may amount to an academic exercise. After all, if the *Ryan* Judgment is affirmed, a decision in this case for either side will have no practical effect for anyone.

Additionally, the second factor—balance of harms—also favors a stay in this case. No one is harmed by maintaining the status quo while the *Ryan* Judgment is effective as to ATS. Because the Final Rule was already vacated in *Ryan*, the Commission's only avenue for reinstating the Final Rule is by seeking reversal in the Fifth Circuit—not here. Notwithstanding the Commission's opposition to this request, it will not be prejudiced by a stay because it must obtain a reversal of the *Ryan* Judgment irrespective of what happens in this case for the Final Rule to come into effect. Even if Defendants were to convince this Court that the Final Rule is valid, this would not alter the *Ryan* Judgment. As such, the only assured outcome in litigating the merits (over a rule that is presently inoperative) is that the parties and the Court will continue to expend resources—likely to no practical effect.

Finally, the third factor—the duration of the requested stay—counsels for a stay as well because ATS requests that the Court exercise its inherent power to stay further proceedings in this

case only until: (1) the expiration of time for the Commission to file a notice of appeal of the *Ryan* Judgment; (2) if the Commission appeals the *Ryan* Judgment, a decision on the merits from the Fifth Circuit; or (3) any other event that changes the effectiveness of the *Ryan* Judgment as to ATS. And to ensure that the stay can be reevaluated as soon as practicable, ATS further requests that the Court require the parties to submit a joint status report within 14 days of the earliest of those events addressing the parties' respective views on whether the stay should continue. Staying a case pending the outcome of "related proceedings" is "appropriate." *Cofab, Inc. v. Philadelphia Joint Bd.*, No. CIV. A. 97-1835, 1997 WL 256071, at *2–3 (E.D. Pa. May 9, 1997).

## **CONCLUSION**

For the foregoing reasons, ATS requests that the court stay this case and require the parties to submit a joint status report within 14 days of the time to notice an appeal of the *Ryan* Judgment elapsing; if the Commission appeals, a decision on the merits from the Fifth Circuit; or any other event that changes the effectiveness of the *Ryan* Judgment as to ATS.

Dated: September 6, 2024.                        Respectfully submitted,

*s/ Sean Radomski*
SEAN RADOMSKI
Pennsylvania Bar No. 319732
JOSHUA M. ROBBINS*
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd.
Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
SRadomski@pacificlegal.org
JRobbins@pacificlegal.org

LUKE WAKE*
California Bar. No. 264647
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, California
Telephone: (916) 419-7111

LWake@pacificlegal.org

*Attorneys for Plaintiff*
*\*admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which sent notifications of such filing to all registered CM/ECF users.

DATED: September 6, 2024.

/s/ *Sean Radomski*
SEAN RADOMSKI