## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON, AND MELISSA HOLYOAK, in their official capacities as Commissioners of the Federal Trade Commission, <br><br> Defendants. | No. 2:24-cv-01743-KBH |

### DEFENDANTS' BRIEF IN OPPOSITION TO
### PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Defendants respectfully submit this response to Plaintiff's motion to stay proceedings. For the reasons explained below, the motion should be denied.

### BACKGROUND

This case arises out of a challenge to a Rule issued by the Federal Trade Commission ("Commission"): Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024). The Rule prohibits the enforcement of most existing non-competes and prohibits employers and workers from entering into non-competes after the Rule's effective date.

Plaintiff ATS Tree Services, LLC filed suit challenging this Rule on a variety of grounds and moved for a preliminary injunction on three of its claims: (1) that the Commission lacks substantive rulemaking authority for unfair methods of competition, (2) that the Commission lacks authority to prohibit non-competes as a class, and (3) that the Rule violates the non-delegation

doctrine. This Court held a hearing on that motion and denied it in a thorough memorandum opinion, finding that, among other things, Plaintiff was unlikely to succeed on the merits of these three claims. Memorandum, ECF No. 80; Order, ECF No. 81.

In addition to this lawsuit, several other suits have been filed challenging the Rule. In one of those suits, the district court, in deciding a preliminary injunction motion, found that the Commission likely has substantive rulemaking authority to prevent unfair methods of competition. *Properties of the Villages, Inc. v. FTC*, 2024 WL 3870380, at *5 (M.D. Fla. Aug. 15, 2024). However, the court went on to conclude that the Rule likely violates the major questions doctrine, *id.* at *9, a conclusion with which the Commission respectfully disagrees and with which this Court disagreed at the preliminary injunction stage, Memorandum at 36–37, ECF No. 80. The *Properties of the Villages* court enjoined the Commission from enforcing the Rule as to the plaintiff in that case. 2024 WL 3870380, at *11.

In another lawsuit challenging the Rule, the district court concluded that the Commission exceeded its statutory authority in promulgating the Rule because the Commission lacks substantive rulemaking authority, *Ryan, LLC v. FTC*, 2024 WL 3879954, at *8–12 (N.D. Tex. Aug. 20, 2024), a conclusion with which this Court disagreed, Memorandum at 23–32, and with which the *Properties of the Villages* court disagreed in part as explained above. The *Ryan* district court also concluded that the Rule is arbitrary and capricious. 2024 WL 3879954, at *12–14. That court "set aside" the Rule on a nationwide basis, without engaging with the parties' arguments as to whether "vacatur" under the Administrative Procedure Act (APA) was justified in that case. *Id.* at *14; *id.* at *14 n.14 ("All Parties discuss vacatur when briefing the proper remedy. … However, the Court declines to address vacatur as the Court must abide by the text of the APA—which instructs the Court to 'set aside' the Non-Compete Rule. *See* 5 U.S.C. § 706(2)."). For the reasons

articulated in its summary judgment brief and reply brief in that case, the Commission respectfully disagrees with the scope of relief that the *Ryan* district court entered, and furthermore respectfully disagrees that the parties' arguments regarding "vacatur" are not relevant to the question of whether it was appropriate for the court to "set aside" the Rule on a nationwide basis under the APA. *See* Defendant's Brief at 63–68, *Ryan, LLC v. FTC*, No. 3:24-cv-986-E (N.D. Tex. Aug. 5, 2024), ECF No. 189; Defendant's Reply Brief at 31–35, *Ryan, LLC v. FTC*, No. 3:24-cv-986-E (N.D. Tex. Aug. 16, 2024), ECF No. 209. To the contrary, the Commission's arguments explaining why "vacatur" was not warranted in that case bore precisely on the very question of when, if ever, it is appropriate for a single district court to "set aside" a rule nationwide.

The Commission is actively considering whether to appeal both the final judgment in *Ryan* and the preliminary injunction in *Properties of the Villages* to the Fifth and Eleventh Circuits, respectively.

After this Court decided Plaintiff's preliminary injunction motion, the parties filed a joint status report, in which the parties jointly proposed a briefing schedule for summary judgment. Joint Status Report at 1–2, ECF No. 82. Plaintiff additionally requested an "expedited final decision" on the parties' forthcoming cross-motions for summary judgment no later than November 27, 2024, "in light of the indication by the [*Ryan* court] that it will issue a final decision" in that case by August 30. *Id.* at 2. The Commission took no position on the request that this Court issue an expedited decision by a particular date. *Id.* This Court entered a scheduling order under which summary judgment briefing will conclude by November 26, 2024. Order at 1, ECF No. 83. This Court denied Plaintiff's request for an expedited decision. *Id.* at 1 n.1.

Plaintiff has now moved for a stay of proceedings, contending that while this case is "not moot," the *Ryan* district court's order means that "it is not necessary for this case … to proceed"

further, unless certain circumstances change. Plaintiff's Brief in Support of Motion to Stay Proceedings at 1–2, 4 n.1, ECF No. 85 ("Mot.").

## LEGAL STANDARD

Courts have an "inherent" power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "[T]he decision to stay civil proceedings calls for the trial court, in its discretion, to balance the various interests of the parties, the court, and the public," *In re Adelphia Commc'ns Secs. Litig.*, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003), and also to consider "the duration of the requested stay," *Ciolli v. Iravani*, 2008 WL 4412053, at *2 (E.D. Pa. Sept. 23, 2008).

## ARGUMENT

The Court should deny Plaintiff's motion for a stay. Although a single district court judge in another circuit has entered an order that "set[s] aside" the Rule nationwide, that order will not necessarily overtake Plaintiff's claims in this case. As an initial matter, the government is actively considering whether to appeal that final judgment and expects to make that decision promptly. On appeal, the government would continue to advance the position that fundamental constitutional and equitable principles establish that a court should limit relief to the plaintiffs where that relief is sufficient to remedy the plaintiffs' injuries. *See Gill v. Whitford*, 138 S. Ct. 1916, 1929–30 (2018) (Article III); *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (equity).[1]

Second, it would harm the public interest to stay proceedings. This case directly presents the questions that the *Ryan* district court decided and on which this Court reached different conclusions at the preliminary injunction stage. One of the benefits of the "traditional system of lower courts issuing" party-specific relief is that it "encourages multiple judges and multiple

---

[1] The government does not object to Plaintiff's request that this Court "require[ the parties] to notify the Court via joint letter within 3 days after [any] notice of appeal is filed" in *Ryan*. Mot. at 2.

4

circuits to weigh in only after careful deliberation, a process that permits the airing of competing views that aids th[e Supreme] Court's own decisionmaking process." *DHS v. New York*, 140 S. Ct. 599, 600 (2020) (mem.) (Gorsuch, J., concurring in the grant of a stay). Conversely, one of the practical problems caused by universal relief is that such relief may "short-circuit the decisionmaking benefits of having different courts weigh in on vexing questions of law and allowing the best ideas to percolate to the top." *Arizona v. Biden*, 40 F.4th 375, 395–98 (6th Cir. 2022) (Sutton, C.J., concurring). Notwithstanding that a single district court in the Northern District of Texas has "set aside" the Rule, this Court should not stay this case and thereby deprive other courts and the judicial system of the benefits that would flow from this Court's considered views on the important questions presented in this case—questions on which courts in three circuits have now reached varying conclusions. The premise underlying Plaintiff's request—that no court should consider the Rule's validity in light of a single district court's judgment, unless and until that judgment is altered—would create exactly the practical problem identified above and would prevent these issues from percolating.

Third, staying proceedings here would prejudice the government because it would effectively permit Plaintiff "two bites at the apple." *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 403 (2024) (Thomas, J., concurring) (explaining the equitable and practical problems with affording relief that extends beyond the named parties to a lawsuit in a separate context). That is, staying proceedings would allow Plaintiff to avail itself of a judgment by another district court—which does not bind this Court—while preserving Plaintiff's challenge to the Rule indefinitely, for the sole purpose of reviving it in the event the Commission were to prevail in an appeal in another circuit. This Court should reject that wait-and-see approach. Instead, if Plaintiff wishes to maintain this case, it should timely proceed to final judgment. *Cf. Mata v. Lynch*, 576

U.S. 143, 150 (2015) ("[W]hen a federal court has jurisdiction, it … has a virtually unflagging obligation … to exercise that authority." (cleaned up)). Indeed, Plaintiff is the party that recently requested "an expedited final decision" in this case, based on the *Ryan* court's indication that it would issue a decision by August 30. Joint Status Report at 2, ECF No. 82. Significantly, Plaintiff did not suggest at that time that if the *Ryan* court were to issue universal relief (a possibility of which all parties would have been aware, given the *Ryan* plaintiffs' clear request that the district court "vacate" the Rule), such a decision would have any bearing on this litigation. This strongly suggests that Plaintiff is not prejudiced by litigating its claims on which it requested an "expedited" decision a month ago.

Finally, if the government appeals the *Ryan* judgment, "it is clear that [Plaintiff's requested stay] will not be of short duration." *Ciolli*, 2008 WL 4412053, at *4. An appeal to the Fifth Circuit would likely take months to fully brief and could take a year or longer until a final decision. Any additional review by the *en banc* Fifth Circuit or the Supreme Court would likewise delay proceedings further. Thus, the indefinite and prolonged nature of Plaintiff's request "weighs against granting the motion." *Id.*

## CONCLUSION

The Court should deny Plaintiff's motion to stay proceedings.

Dated: September 11, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY R. FARBY
Assistant Branch Director

*/s/ Arjun Mody*
RACHAEL L. WESTMORELAND

TAISA M. GOODNATURE
ARJUN MODY (DC # 90013383)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 451-7723
E-mail: arjun.a.mody@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.

<u>/s/ Arjun Mody</u>
ARJUN MODY