IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATS TREE SERVICES, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION; LINA M. KHAN, in her official capacity as Chair of the Federal Trade Commission; and REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON, and MELISSA HOLYOAK, in their official capacities as Commissioners of the FTC,<br><br>            Defendants. | Case No. 2:24-cv-01743-KBH |

**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Plaintiff ATS Tree Services, LLC replies in support of its Motion to Stay Proceedings (Doc. 84). ATS challenges the validity of the Federal Trade Commission's Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) (the "Final Rule"). But the Final Rule has now been set aside in another federal court. *Ryan, LLC v. FTC*, --- F.Supp.3d ----, 2024 WL 3879954, at *14 (N.D. Tex. Aug. 20, 2024) (the "*Ryan* Judgment"). The Commission also confirmed it will not seek to enforce the Final Rule against ATS so long as the *Ryan* Judgment is effective as to ATS. As a result, there is no further relief for this Court to enter unless and until the *Ryan* Judgment's effectiveness as to ATS changes. This case should be stayed pending such a change.

**ARGUMENT**

The Court should stay the litigation pending a change in status of the *Ryan* Judgment. The parties are seemingly in agreement that, at present, there is no relief for the Court to enter in this case. The Commission does not contest that the *Ryan* Judgment set aside the Final Rule nationally. Doc. 86 at 4. It further acknowledges that any change to the status of the *Ryan* Judgment would

1

come through an appeal in *Ryan*, which it still has not decided to pursue. *Id.* As such, an opinion from this Court on the presently defunct Final Rule's validity would be akin to an impermissible advisory opinion. *See California v. Texas*, 593 U.S. 659, 673 (2021) (ruling on "an unenforceable statutory provision … would amount to 'an advisory opinion without the possibility of any judicial relief'"). Even if this Court were convinced by the Commission's merits arguments, it could not resurrect the Final Rule. Unless and until the Commission appeals and obtains a stay or reversal of the *Ryan* Judgment, there is no Final Rule. A stay here is justified because the *Ryan* Judgment is already "dispositive" of ATS's requested relief. *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).

A stay will not harm the public interest because the Final Rule has already been set aside. Notwithstanding the arguments in the concurring opinions cited by the Commission, the fact of the *Ryan* Judgment remains.[1] Doc. 86 at 4–5. It has "nationwide effect, is not party restricted, and affects persons in all judicial districts equally." *Ryan*, 2024 WL 3879954, at *14 (simplified). It is the *Ryan* Judgment that has ended the "percolati[on]" of the Final Rule's validity through other courts. Doc. 86 at 5. ATS's motion is simply a recognition of this fact and the futility of, for the time being, further litigation when there is no Final Rule over which to litigate. *See Council Tree Commc'ns. v. FCC*, 619 F.3d 235, 259 (3d Cir.2010) (reinstating the status quo ante after vacating rule). Moreover, as the Commission notes, both this Court and the U.S. District Court for the Middle District of Florida have already weighed in on the validity of the Final Rule through rulings on preliminary relief. Doc. 86 at 2, 5; Doc. 80; *Properties of the Villages, Inc. v. FTC*, 2024 WL 3870380 (M.D. Fla. Aug. 15, 2024). So, the "considered views" of multiple courts are already

---

[1] The two concurrences on which the Commission relies for this argument come from cases involving nationwide *preliminary* relief, not a final judgment on the merits. *DHS v. New York*, 140 S. Ct. 599 (2020); *Arizona v. Biden*, 40 F.4th 375, 380 (6th Cir. 2022).

available for consideration by the U.S. Court of Appeals for the Fifth Circuit and U.S. Supreme Court should the Commission pursue an appeal in *Ryan*. Doc. 86 at 5.

While arguing that this case should go forward now, the Commission simultaneously argues that if it goes forward *later*, ATS would get "'two bites at the apple.'" Doc. 86 at 5. It cannot have it both ways. Either ATS can maintain its own case against the Final Rule, or it cannot. The Commission plainly holds the position that ATS can maintain its own case given its opposition to the motion to stay. How and when ATS's case proceeds must be determined in light of the *Ryan* Judgment. The *Ryan* Judgment already satisfied ATS's request for relief for the time being. Doc. 1 at 21. This circumstance "warrant[s] [a] stay." *Bechtel*, 544 F.2d at 1215.

Indeed, the Commission has not hesitated to move to end a case and reduce the percolation of the issues in the courts when it truly believes a party will get "two bites at the apple." There was originally a fourth case challenging the validity of the Final Rule—*Chamber of Commerce v. FTC*, No. 6:24-cv-00148 (E.D. Tex.). The Commission moved to transfer that case to the U.S. District Court for the Northern District of Texas where *Ryan, LLC v. FTC*, 3:24-cv-00986 (N.D. Tex.) was pending because Ryan, LLC was a member of one of the plaintiff organizations in *Chamber*. Defendants' Motion to Limit Relief to Plaintiffs' Identified Members, or in the Alternative, Transfer Venue Under the First-to-File Rule at 12–16, *Chamber*, No. 6:24-cv-00148 (E.D. Tex. Apr. 30, 2024). The Commission argued in part that there was "likelihood of substantial overlap" between the cases because the "'core issue'" and relief requested were the same. *Id.* at 14–15. That resulted in a stay of *Chamber* and the *Chamber* plaintiffs intervening in *Ryan*. Opinion and Order, *Chamber*, 6:23-cv-00148 (E.D. Tex. May 3, 2024). The validity of the Final Rule could have been evaluated by yet another court, but through the Commission's own motion, that possibility was eliminated.

3

Finally, contrary to the Commission's argument, the exact length of a stay is not a consideration when a "related proceeding[]" precipitates the stay. *Cofab, Inc. v. Phila. Joint Bd.*, No. CIV. A. 97-1835, 1997 WL 256071, at *3 (E.D. Pa. May 9, 1997); *Bechtel*, 544 F.2d at 1215. For a stay in such circumstances to allow the avoidance of the "repetitious and wasteful use of judicial resources," it must necessarily last until the other proceeding resolves itself such that the stay must be lifted or the case end. *Cofab*, 1997 WL 256071, at *3. Nevertheless, in an effort to limit the length of the stay as much as possible, ATS requests that the parties be required to return to the Court to address the continued need for the stay at the earliest point at which the effectiveness of the *Ryan* Judgment as to ATS may change. Doc. 85 at 5–6.

## CONCLUSION

For the foregoing reasons and the reasons stated in ATS's opening brief, ATS respectfully requests that the Court stay this case and require the parties to submit a joint status report on the continued necessity of the stay within 14 days of the earliest of the following events: (1) the time to notice an appeal of the *Ryan* Judgment elapsing; (2) if the Commission appeals the *Ryan* Judgment, a decision on the merits from the Fifth Circuit; or (3) any other event that changes the effectiveness of the *Ryan* Judgment as to ATS.

DATED: September 12, 2024.

Respectfully submitted,

s/ *Sean Radomski*
SEAN RADOMSKI
Pennsylvania Bar No. 319732
JOSHUA M. ROBBINS*
Virginia Bar No. 91020
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
SRadomski@pacificlegal.org
JRobbins@pacificlegal.org

LUKE WAKE*
California Bar No. 264647
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
LWake@pacificlegal.org

*Attorneys for Plaintiff*

**admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which sent notifications of such filing to all registered CM/ECF users.

DATED: September 12, 2024.

<u>/s/ Sean Radomski</u>
SEAN RADOMSKI