IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ATS TREE SERVICES, LLC,**<br>　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**FEDERAL TRADE COMMISSION, LINA M. KHAN,** in her official capacity as Chair of the Federal Trade Commission, **REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, ANDREW N. FERGUSON and MELISSA HOLYOAK,** in their official capacities as Commissioners of the FTC,<br>　　　　　　　**Defendants.** | CIVIL ACTION<br><br><br><br>NO.  24-1743 |

# O R D E R

**AND NOW**, this 3rd day of October, 2024, upon consideration of Plaintiff's Motion to Stay (ECF Nos. 84 and 85), Defendants' Response thereto (ECF No. 86), and Plaintiff's Reply in support (ECF No. 87),

**PLAINTIFF'S MOTION TO STAY IS DENIED FOR THE FOLLOWING REASONS:**

**I.**　　**Background**[1]

On April 25, 2024, Plaintiff ATS Tree Services, LLC ("ATS") brought a case challenging the Federal Trade Commission's ("FTC") Non-Compete Clause Rule ("the Final Rule" or "the Rule"), which bans the use of most non-compete clauses in employment contracts. Shortly after filing its Complaint, ATS moved for a Stay of the Effective Date and Preliminary Injunction of the Final Rule. (ECF No. 10). On July 23, 2024, this Court denied ATS's motion, finding that ATS had failed to establish a reasonable likelihood that it would succeed on the merits of its claims that the FTC lacks substantive rulemaking

---

[1]　　The Court adopts the pagination supplied by the CM/ECF docketing system.

1

authority and exceeded its authority in enacting the rule. (ECF No. 81). The Court then set a briefing schedule for the parties to argue motions for summary judgment. (ECF No. 83). The same week ATS filed its complaint in this court, Ryan, LLC, a tax services firm, filed a similar case challenging the Final Rule in the Northern District of Texas.[2] *See Ryan, LLC v. Fed. Trade Comm'n*, No. 3:24-CV-00986-E (N.D. Tex.). In *Ryan*, Judge Brown found that the Rule exceeded the FTC's statutory authority, is unconstitutional, and is arbitrary and capricious, and consequently set aside the Final Rule via a nationwide injunction of the Rule. *See generally Ryan, LLC v. Fed. Trade Comm'n*, No. 3:24-CV-00986-E, 2024 WL 3879954 (N.D. Tex. Aug. 20, 2024).

ATS now moves for a stay in this case until the earliest of the following events: (1) the expiration of time for the Federal Trade Commission to file a notice of appeal of the final judgment in *Ryan*; (2) if the Commission appeals the *Ryan* Judgment, a decision on the merits from the U.S. Court of Appeals for the Fifth Circuit; or (3) any other event that changes the effectiveness of the *Ryan* Judgment as to ATS. (ECF No. 84 at 1). ATS asserts that because the court in *Ryan* issued a nationwide injunction of the Rule, "there is presently no Final Rule for the parties to litigate," and thus a stay is warranted. (*Id.* at 1-2). The FTC opposes ATS's motion for a stay, arguing that the fact that another district court has set aside the rule "will not necessarily overtake Plaintiff's claims in this case." (ECF No. 86 at 4). Having considered both parties' arguments and weighed the necessary factors, the Court has determined that a stay is not warranted. The parties shall proceed with summary judgment motions.

---

[2]     A third case challenging the Final Rule was also litigated in the Middle District of Florida. *See Properties of the Villages, Inc. v. Federal Trade Commission*, 5:24-cv-00316-TJC-PRL (M.D. Fla.). That court enjoined the Final Rule as to the specific plaintiff in that case. *Id.* Though the existence of multiple cases analyzing the same or substantially similar arguments is relevant to this Court's analysis of the pending motion, the *Properties of the Villages* case was not central to either side's briefing on this motion.

## II. Legal Standard

"[T]he decision to stay civil proceedings calls for the trial court, in its discretion, to balance the various interests of the parties, the court, and the public," *See In re Adelphia Commc'ns Secs. Litig.*, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003). The decision to grant a stay is divorced from any considerations of the merits of the case. *See Ciolli v. Iravani*, 625 F. Supp. 2d 276, 291 (E.D. Pa. 2009). In determining whether to issue a stay, the Court must consider three factors: "(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." *Id.*

## III. Analysis

In arguing for a stay, ATS is largely focused on the first prong of the analysis- preservation of judicial economy. ATS repeatedly states that because the court in *Ryan* set aside the Final Rule nationwide, there is no Rule to litigate, therefore, to attempt to do so would be a waste of both the parties' and the Court's resources. (ECF No. 85 at 2). The Court understands the position Plaintiff is in, which they describe as "awkward" (*Id.* at 4); it is true that at present there is no Rule in place to litigate or ask this Court to set aside. However, the Plaintiff must assess and determine how it wishes to proceed with the litigation of this case in light of the circumstances. The fact that the Rule is currently enjoined does not mean that it is forever gone. Both parties acknowledge that the FTC may appeal the Court's decision in *Ryan* to the Fifth Circuit, an option that remains available to the FTC and creates some uncertainty as to the finality of the Rule. However, the Court does not have a crystal ball to predict what may happen regarding the Rule, nor will the Court make its decisions based on speculation on that issue. What is clear is that this Court does have a responsibility in deciding the issue as to this Plaintiff.

In support of its argument to preserve resources, ATS points to several cases wherein courts stayed one case while a separate action was proceeding. (ECF No. 85 at 2-4 (citing *Cofab, Inc. v. Philadelphia Joint Bd., Amalgamated Clothing & Textile Workers' Union, AFL-CIO-CLC*, 141 F.3d 105 (3d Cir. 1998);

*Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207 (3d Cir. 1976)). However, those cases ATS cites involve district courts staying their cases while a separate agency action proceeded in the *same* case. In *Bechtel*, for example, the court noted that if the party prevailed in its arbitration proceeding, there would be no further dispute to litigate in the district court. 544 F.2d at 1215. Preservation of resources is a more convincing argument when there is a chance that the alternative proceeding will become moot in the near future. In this case, ATS is asking this Court to pause its proceedings because of the decision of a separate district court, which may be persuasive, but is not binding on this Court. *See Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) (noting that district judges are not bound by decisions of other district judges).

As to the second factor—the balance of harms—ATS makes the case that no one is harmed by a stay in this case because unless and until the Fifth Circuit reverses the *Ryan* injunction, the current state of the Rule will not change. (ECF No. 85 at 5). The FTC argues that the public is in fact harmed by a stay, because this Court has the opportunity, and perhaps even the obligation, to hear the case for itself and make determinations about the same questions that the court did in *Ryan.* (ECF No. 86 at 4). As the FTC notes, Supreme Court Justices have extolled the value of lower courts granting relief "to redress the injuries sustained by a particular plaintiff in a particular lawsuit," in part because it allows multiple lower courts to weigh in on legal questions, thereby "aid[ing] [the Supreme] Court's own decisionmaking process." *DHS v. New York*, 140 S. Ct. 599, 600 (2020) (mem.) (Gorsuch, J., concurring in the grant of a stay).

Moreover, the Court is persuaded by the FTC's argument that granting the stay would give Plaintiff "two bites at the apple," by allowing Plaintiff to benefit from the *Ryan* injunction while preserving its ability to relitigate the issue in this case if the FTC appeals that case and is successful on appeal. (ECF No. 86 at 5 (quoting *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 403 (2024) (Thomas, J.,

4

concurring)). If ATS is satisfied with the outcome in *Ryan* and believes it sufficiently addresses their claims, it is not obligated to continue litigating this case, but if it does not wish to withdraw here, then this Court will move the case forward as is its duty.

Finally, with respect to duration of the stay, the Court appreciates that ATS has proposed several dates until which to stay the case "to ensure that the stay can be reevaluated as soon as practicable." (ECF No. 85 at 6). The Court also recognizes that should the FTC appeal, the duration of the stay could be months, if not years. (ECF No. 86 at 6). Because the FTC has not yet announced whether it will appeal *Ryan*, at this point the duration of the stay is essentially unknown.

Taking into consideration the arguments put forth by ATS and the FTC, and the factors the Court must consider, the Court finds that the factors weigh in favor of denying the motion to stay. Allowing this case to move forward would not be an unreasonable or inefficient use of judicial resources. Most significantly, the Court believes that it has an obligation to hear cases before it and render its determination after thoughtful deliberation based on the facts and the law, thereby providing its analysis to higher courts, litigants and the public.[3]

**BY THE COURT:**
/s/ Hon. Kelley B. Hodge

_____

**HODGE, KELLEY B., J.**

---

[3] The Court will grant ATS's request for a 28-day extension of all summary judgment briefing in a separate forthcoming order.